IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00110-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| SCOTTIE EDMONDS, ) | |
| Defendant. ) | |

This matter is before the court on Scottie Edmonds' Motion for Relief under *Dorsey* [DE-33].

**Factual and Procedural Background**

On April 9, 2010, Edmonds was charged in a one-count criminal information. *See* Criminal Information [DE-14]. Edmonds was charged with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846.

Edmonds' arraignment was held on May 10, 2010. At his arraignment, Edmonds entered a plea of guilty pursuant to a written plea agreement [DE-21].

On November 12, 2010, the court held Edmonds' sentencing hearing. At sentencing, the court determined that Edmonds' guidelines range was 135 to 168 months. The Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on substantial assistance. The court sentenced Edmonds to 108 months' imprisonment. *See* Judgment [DE-25].

Edmonds filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [DE-28] on January 30, 2013. This court denied the motion with the following explanation:

> The defendant was sentenced under the provisions of the Fair Sentencing Act of 2010 and/or the retroactive crack cocaine amendments (Amendment 706 as amended or Amendment 750 Parts A and C). Therefore, no further consideration is warranted.

[DE-32] at 1.

On May 31, 2013, Edmonds filed the instant Motion for Relief under *Dorsey* [DE-33]. Next, Edmonds filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) [DE-36] on December 23, 2014. In his motion, Edmonds moved for an order reducing his guidelines range based on the 2014 retroactive amendments to the drug guidelines. On December 30, 2014, this court entered an order [DE-37] granting Edmonds' motion. The court determined Edmonds' amended guideline range to be 110 to 137 months and reduced his sentence from 108 months to 88 months.

## Discussion

In his instant Motion for Relief under *Dorsey*, Edmonds requests that this court modify, reduce or vacate his sentence pursuant to the retroactive application of the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). [DE-33] at 1.

Effective August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"). The FSA increased the amount of crack cocaine necessary to trigger the statutory mandatory minimum sentences. In *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Supreme Court held that the FSA applies to defendants convicted for conduct taking place before the enactment of the FSA but sentenced after the FSA went into effect.

Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission" may file a motion asking the court to reduce his sentence. The court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Title 18, United States Code, Section 3553(e) allows a court to sentence without regard to the statutory minimums. *United States v. Spinks*, 770 F.3d 285, 287 (4th Cir. 2014). In addition, pursuant to U.S.S.G. § 1B1.10, Application Note 4, once the court is allowed to sentence a defendant below any minimum required by statute, the newly established guideline range can be determined without regard to the mandatory minimum required by statute with regard to motions under 18 U.S.C. § 3582.[1]

In this case, at sentencing Edmonds' case was subject to a mandatory minimum sentence of ten years' imprisonment. Pursuant to the court's authority under section 3553(e), the court sentenced Edmonds below the ten-year mandatory minimum sentence he faced. Specifically, the court gave Edmonds a 20% reduction when it sentenced him to 108 months' imprisonment. After all applicable retroactive amendments had been applied, Edmonds' amended guideline range was 110 to 137 months. As noted, on December 30, 2014, Edmonds' sentence was reduced to 88 months. This sentence reflects a 20% reduction from the bottom of the amended

---

[1]U.S.S.G. § 1B1.10, Application Note 4 provides as follows:

[I]f the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

3

guideline range.

## Conclusion

In light of the foregoing, Edmonds' Motion for Relief under *Dorsey* [DE-33] is DENIED.

SO ORDERED.

This, the 2 8 day of January, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4

Case 5:10-cr-00110-F   Document 40   Filed 01/28/15   Page 4 of 4